2 Ill. App.3d 85 (1971)
276 N.E.2d 117
PHOENIX FINANCE COMPANY, INC., Plaintiff-Appellee,
v.
JANET PAPAJESKI, Defendant-Appellant.
No. 55403.
Illinois Appellate Court  First District.
October 12, 1971.
*86 Collins T. Fitzpatrick, Cook County Legal Assistance Foundation, of Chicago, for Defendant-Appellant.
Herman Grant, of Chicago, for Plaintiff-Appellee.
Judgment reversed.
Mr. JUSTICE STAMOS delivered the opinion of the court:
This is an appeal by defendant, Janet Papajeski, from a judgment by confession in favor of plaintiff, Phoenix Finance Co., Inc. On appeal defendant contends that the note upon which judgment was entered is void and unenforceable under Ill. Rev. Stat. 1967, ch. 74, par. 37,[1] because plaintiff violated Ill. Rev. Stat. 1967, ch. 74, par. 30,[2] by taking a power of attorney greater than authorized by law and because plaintiff also violated Ill. Rev. Stat. 1967, ch. 74, par. 32,[3] by failing to indicate on the loan statement delivered to defendant the nature of the security taken for the loan.
On February 11, 1970, a judgment by confession was entered against James and Janet Papajeski on a note they executed to plaintiff, a licensee under the Illinois Consumers Finance Act. Ill. Rev. Stat. 1967, ch. 74, par. 19-46.
*87 Pursuant to a summons to confirm the judgment by confession, Janet Papajeski filed an answer. After a bench trial the court orally entered a Judgment in favor of plaintiff for the sum of $616.51, confirming the judgment by confession.
 1 Defendant, Janet Papajeski, appeals from the February 11, 1970, judgment by confession. No appearance or brief was filed in this court by appellee, Phoenix Finance Co., Inc., but we deem it essential to consider this appeal on its merits. Daley v. Jack's Tivoli Liquor Lounge, Inc., 118 Ill. App.2d 264.
 2 Defendant initially contends that the note on which judgment was entered was void under Ill. Rev. Stat. 1967, ch. 74, par. 37, because plaintiff had violated Ill. Rev. Stat. 1967, ch. 74, par. 30 by taking a power of attorney greater than authorized by law. We cannot agree with this contention.
The note signed by defendant recites, in pertinent part:
"To secure the payment hereof, the undersigned jointly and severally irrevocably authorize any attorney of any court of record to appear for any one or more of them in such court in term or vacation, after default in payment hereof, and confess a judgment without process in favor of the holder hereof for such amount as may then appear unpaid hereon; to release all errors which may intervene in any such proceedings; and to consent to immediate execution upon such judgment; hereby ratifying every act of such attorney hereunder."
By taking the power of attorney as above cited plaintiff did not take a power of attorney greater than authorized by Ill. Rev. Stat. 1967, ch. 74, par. 30 since the allegedly additional powers of attorney taken by plaintiff, i.e., "* * * * to release all errors * * * and to consent to immediate execution upon such judgment * * *," are inherent in the power to confess judgment. Long v. Coffman, 230 Ill. App. 527; St. Clair v. Goldie, 244 Ill. App. 357; Ill. Rev. Stat. 1967, ch. 77, par. 4.
Defendant next contends that the note upon which judgment was entered was void under Ill. Rev. Stat. 1967, ch. 74, par. 37, because plaintiff violated Ill. Rev. Stat. 1967, ch. 74, par. 32, by failing to indicate the nature of the security taken for the loan on defendant's statement thereof. We agree.
 3, 4 It has been held that the plain and obvious meaning of the language used is the safest guide to follow in construing statutes. (Svithiod Singing Club v. McKibbin, 381 Ill. 194.) Section 32 is clear and explicit in stating that the nature of the security taken for a loan must be indicated on the loan statement delivered to the borrower. If the nature of the security is not so indicated the contract of loan "* * * shall be void and the lender shall have no right to collect or receive any principal, *88 interest, or charges thereon whatsoever." Ill. Rev. Stat. 1967, ch. 74, par. 37.
Plaintiff failed to indicate the nature of the security taken for the loan on the loan statement delivered to the borrower. The upper right hand corner of the borrower's statement contained form language to show the nature of the security for the loan taken by plaintiff, but this section of the form was not completed.
The note executed by defendant to plaintiff indicated at the bottom that the loan was secured by a security agreement and wage assignment. The note also indicated that defendant was charged for procurement of credit life insurance and credit accident and health insurance. The loan statement delivered to defendant by plaintiff did not indicate that any security was taken for the loan. By failing to indicate the nature of the security taken for the loan on the borrower's statement plaintiff violated Ill. Rev. Stat. 1967, ch. 74, par. 32 and is thereby barred from recovering any part of the principal, interest or charges on the loan under Ill. Rev. Stat. 1967, ch. 74, par. 37.
In view of the foregoing the judgment is reversed.
Judgment reversed.
LEIGHTON, P.J., and SCHWARTZ, J., concur.
NOTES
[1] Ill. Rev. Stat. 1967, ch. 74, par. 37

"Penalties for violation. par. 19. Any person, co-partnership, association, or corporation and the several members, officers, directors, agents, and employees thereof, who shall violate or participate in the violation of any of the provisions of Sections 1, 11, 12, 13, 14 or 18 of this Act,[1] shall be guilty of a misdemeanor and punishable by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) for each offense; or in the case of any such natural person, who acts on behalf of himself or others as aforesaid by imprisonment of not more than one year, or by both such fine and imprisonment, in the discretion of the court.
Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this Section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges thereon whatsoever." 1. Sections 19, 29, 30, 31, 32, 36 of this chapter.
[2] Ill. Rev. Stat. 1967, ch. 74, par. 30

"No licensee shall take any power of attorney except to acknowledge the execution of an instrument or to confess judgment."
[3] Ill. Rev. Stat. 1967, ch. 74, par. 32

Requirements upon licensee. par 14. "Every licensee shall: Deliver to the borrower at the time any loan is made a statement (upon which there shall be printed a copy of subsections (a) and (e) of Section 13 of this Act[1]) in the English language showing in clear and distinct terms the principal amount and date of the loan, the schedule of payments, the nature of the security, if any, for the loan, the name and address of the borrower and if the licensee, and the agreed rate of charge; and if the interest is precomputed and added to the principal of the loan, the statement shall also disclose the amount of the note including precomputed interest and shall contain a copy of paragraph one of subsection (c) of section 13[2]; * * *."