NINTH LIBERTY LOAN CORPORATION, Plaintiff and Counterdefendant-Appellee, *v.* DAYTON HARDY, Defendant and Countercomplainant-Appellant.

Fifth District   No. 76-351

Opinion filed September 27, 1977.

Lois J. Wood, of Land of Lincoln Legal Assistance Foundation, Inc., of East St. Louis, for appellant.

No brief filed for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, a lendee of plaintiff, a licensee under the Illinois Consumer Finance Act (Ill. Rev. Stat. 1969, ch. 74, par. 19 *et seq.*) appeals from a judgment of the trial court in favor of plaintiff in the amount of $526.01 and from denial of defendant's first and second counterclaims. Although plaintiff did not file a brief we have nevertheless elected to consider the appeal on its merits.

Plaintiff, Ninth Liberty Loan Corp., brought suit against defendant, Dayton Hardy, to recover the balance allegedly due on a promissory note given as payment for a personal loan. The defendant filed an answer alleging partial payment and that the note was void because it violated section 14 of the Illinois Consumer Finance Act. (Ill. Rev. Stat. 1969, ch. 74, par. 32.) Defendant also filed two counterclaims. The first alleged that the note was void for violations of the Illinois Consumer Finance Act and prayed for judgment in the amount of all money he had paid on the note, pursuant to section 19 of the Act. The second alleged that Liberty Loan had failed to make certain disclosures required by the Federal Truth in Lending Act (15 U.S.C. §1601 *et seq.*) and prayed for judgment in the amount of the statutory penalty provided for in section 1640(a) of the Act.

Defendant signed a promissory note to Ninth Liberty Loan on March 29, 1971. The note was for the total amount of $725 which included precomputed interest of $169 at an "annual percentage rate" of 26%. Credit life insurance charges were $16.31 and credit accident and health was $22.43. The loan was to be repaid in 25 consecutive monthly installments of $29. At the time the loan was made Mr. Hardy was approximately 60 years of age. He became delinquent in his payments almost immediately because he was laid off from his job but he made reduced payments for many months. By the time the instant suit was commenced the remaining balance was $248.93, which included numerous default and late charges.

Section 14 of the Illinois Consumer Finance Act reads in pertinent part:

"Every licensee must disclose to the borrower before the loan is consummated a statement * * * in the English language disclosing the following items to the borrower:

* * *

(k) A description or identification of the type of any security interest held or to be retained or acquired by the licensee in connection with the loan and a clear identification of the property to which the security interest relates. If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." Ill. Rev. Stat. 1969, ch. 74, par. 32.

Defendant contends that the disclosure statement given to him at the time the loan was consummated violated the statute in several respects. First, it failed to provide "a clear identification of the property to which the security interest relate[d]," in that the language used to describe the property was, in the first instance, vague and misleading and in the second, unintelligible. Second, the clause relating to after acquired property was too broad to comply with the statute.

The disclosure statement read:

> "SECURITY: The loan together with all other and future indebtedness will be secured by (1) a security interest in the property referred to immediately after each cross or checkmark, or in a description, entered by pen or typewriter below, and (2) a security interest in all after-acquired property of the same character."

A check mark was placed in the box by the line reading:

> "All household furnishings and appliances on the Borrowers' premises at their address above stated."

The box headed "The following described property" was filled in by typewriter with the initials: "FN 1WA HHG INS." No further description was furnished or indicated.

■■■ We must agree with defendant that the disclosure statement does not comply with the requirement of section (k) of the Act. The subsection requires a "description or identification" of the type of any security interest held (not, as defendant alleges, a "clear identification and description.") We deem it a sufficient identification of the *type* of security held by indicating by check mark that it was "[a]ll household furnishings and appliances of the Borrowers'." However, the required "clear identification" of the property to which the security relates is not furnished by typing in a box styled "The following Described Property" the letters, "FN 1WA HHG INS." Such identification is not only unclear, it escapes us entirely. Perhaps these letters have a specific and well understood meaning within the small loan business community. But the benefit of the statute is not directed to the small loan business community, it is directed to the small loan patron. It is he who must understand and know just which of his goods he is furnishing as security for his loan. We note, too, that section 14 of the Act requires licensees to furnish borrowers a disclosure statement which sets forth the required information in the English language. "FN 1WA HHG INS" is not English language. Moreover, the initials are not abbreviations in common use; they are not found in the dictionary nor are they otherwise explained in the disclosure statement.

The clause in the disclosure statement dealing with the creation of

security interests in after acquired property also violates the statute. It was held in *Pollock v. General Finance Corp.*, 535 F.2d 295, 299 (5th Cir. 1976), and *Johnson v. Associates Finance Inc.*, 369 F. Supp. 1121, 1122-23 (S.D. Ill. 1974), that disclosure concerning a security interest in after acquired property was insufficient when it made no mention of the State statute which restricted security interests in after acquired property to property acquired within 10 days after the giving of value by the secured party. Illinois has such a statute and it applies in the instant case. (Ill. Rev. Stat. 1969, ch. 26, par. 9—204(4)(b).) Since the creditor here neglected to make mention of this restriction in the clause dealing with after acquired property, as in *Pollock* and *Johnson*, it was erroneous and misleading to defendant. He was informed that any and all household furniture and applicances he would subsequently acquire would become security for the loan. Such was not, and, because of the 10-day limitation of the statute, could not be, the case.

■■ The penalty for failure to comply with section 14 of the Consumer Finance Act is provided in section 19 (Ill. Rev. Stat. 1969, ch. 74, par. 37) and reads:

> "Any contract of loan not invalid for any other reason, in the making * * * of which * * * [this Act shall have been violated], shall be void and the lender shall have no right to collect or receive any principal, interest, or charges thereon whatsoever."

Accordingly, we reverse the judgment of the trial court in favor of plaintiff and remand this cause to the trial court with directions to enter judgment for defendant on his first counterclaim against plaintiff for the amount he had paid on the note, $691.87. See *Phoenix Finance Co. v. Papajeski*, 2 Ill. App. 3d 85, 276 N.E.2d 117.

■■ Defendant also asserts that the court erred in entering judgment against him on his second counterclaim based on a violation of the Federal Truth in Lending Act. (15 U.S.C. §1601 *et seq.*) We must deal at the threshold of the discussion with the question of whether this court has jurisdiction to consider the claim arising under the Federal act. Illinois courts recognize the general principle of concurrent jurisdiction where Congress has not evidenced any purpose to vest exclusive jurisdiction in the Federal courts. (*Reidelberger v. Bi-State Development Agency*, 8 Ill. 2d 121, 133 N.E.2d 272.) However, no Illinois court has directly considered the question of jurisdiction in connection with the Truth in Lending Act. The court in *Wood Acceptance Co. v. King*, 18 Ill. App. 3d 149, 309 N.E.2d 403, simply assumed that jurisdiction was present, dealing specifically with the question of whether a counterclaim based on violation of the Federal statute was timely filed. We find persuasive the reasoning of the Tennessee court in *Tapp v. Price-Bass Co.* (1941), 177

Tenn. 189, 147 S.W.2d 107, which interpreted a jurisdictional statute vesting jurisdiction in any "court of competent jurisdiction," (29 U.S.C. 216(b)) as does the Truth in Lending Act (15 U.S.C. 1640(e)) as granting a litigant a choice of a Federal or State forum. Also, this precise question was considered and answered in the affirmative by the Supreme Court of Mississippi in *Lewis v. Delta Loans, Inc.*, 300 S.2d 142 (Miss. 1974).

■■ The defendant alleges that the plaintiff violated section 1639(a)(8) of the Truth in Lending Act which provides that a creditor must disclose "a description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." (15 U.S.C. 1639(a)(8).) The words "a clear identification" has been interpreted as requiring "enough information to preclude any reasonable questions regarding the goods to which the security interest attaches." (*Woods v. Beneficial Finance Co.*, 395 F. Supp. 9, 13-14 (D. Ore. 1975).) A description of property consisting of initials which are not abbreviations in common use and the extremely broad language "All household furnishings and appliances on the Borrowers' premises" is not one which provides enough information to preclude reasonable questions about the goods involved. (*Tinsman v. Moline Beneficial Finance Co.*, 531 F.2d 815 (7th Cir. 1976).) Our remarks above regarding the sufficiency of the descriptions of the security property we regard as also applicable here.

■■ The defendant also attacks the disclosure statement for its failure to refer to the State statute restricting security interests in after-acquired property to that property acquired within 10 days after the giving of value by the secured party. Our discussion and the cases cited therein on the question of a violation of the Illinois Consumer Finance Act based on the same grounds also applies here, and we find the after acquired property clause also violative of the Federal disclosure statute.

Lastly, the defendant asserts that the disclosure statement violated section 1639 of the Truth in Lending Act (15 U.S.C. 1639) which requires, *inter alia*, that the following three items be disclosed to the borrower:

"(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf;

(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge; and

(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)."

The disclosure statement in the present case disclosed the "amount

financed," $556.26, and the amount of credit life and disability insurance. However, the disclosure statement did not include a figure for the total principal of the loan exclusive of insurance charges, that is, the amount referred to in paragraph 1 of section 1639 set out above. Mr. Hardy could have arrived at this figure by adding together the insurance charges and subtracting them from the "Total Amount Financed" figure. But to achieve the goal of easy comparison of credit terms which is the purpose of the Truth in Lending Act (*Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363-66, 36 L. Ed. 2d 318, 321-28, 93 S. Ct. 1652) the creditor is required to perform the computation and a failure to disclose this item violates section 1639(a)(1). *Pollock v. General Finance Corp.*

■■ ■ To insure private enforcement of the Act Congress has provided for a civil penalty, in the case of an individual action, of twice the amount of the finance charge asked in connection with the loan. (15 U.S.C. 1640(a).) Twice the amount of the finance charge referred to in the statute does mean merely those finance charges actually paid as of the time of instituting suit but all finance charges as computed at the inception of the loan. (*Willis v. American National Stores*, 350 F. Supp. 173, 177 (N.D. Ga. 1972).) However, we regard the remedies afforded by the two Acts as duplicitous, not cumulative. The finance charges (interest alone in this case) recovered by defendant in his judgment on his first counterclaim may not be the subject of another judgment against plaintiff on defendant's second counterclaim. Accordingly, we remand this cause to the trial court with directions to enter a judgment for defendant on his second counterclaim in the amount which is double the finance charges asked upon the loan, reduced by the amount of the judgment rendered upon the first counterclaim that represents finance charges.

Reversed and remanded with directions.

G. J. MORAN and KARNS, JJ., concur.