JERRY M. GRAY *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* ITT THORP CORPORATION, a/k/a Thorp Credit, Inc., of Illinois, Defendant-Appellant and Cross-Appellee.

Third District   No. 81-174

Opinion filed October 16, 1981.

168

Barney Olson, II, of Galesburg, for appellant.

Barry Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

ITT Thorp Corporation, formerly Thorp Credit, Inc., of Illinois (hereinafter Thorp), appeals from entry of summary judgment in favor of plaintiffs Jerry and Christine Gray. The Grays had brought suit to recover damages for violations of the Consumer Installment Loan Act (hereinafter CILA) (Ill. Rev. Stat. 1977, ch. 74, par. 51 *et seq.*) and the Federal Truth in Lending Act (hereinafter TILA) (15 U.S.C. §1601 *et seq.* (1976)). The action was based upon alleged violations in three loan agreements between Thorp and the Grays in 1976 and 1977. The court granted summary judgment to the Grays and awarded recovery to them on loans 1 and 2, based upon the CILA non-disclosure claims. It granted statutory recovery in the amount of twice the finance charges on each loan, reduced by the amount due Thorp on loan 3, the only outstanding loan. The difference was $396.35 in favor of the Grays, and judgment for that amount, plus attorneys fees and costs was granted. Thorp appeals from the entry of summary judgment. No issue of material fact exists, leaving only questions of law for determination.

The facts pertinent to the issues on appeal are that the Grays and Thorp entered into two loan transactions in 1976. Each loan was evidenced by a security agreement and a combined note and disclosure statement of loan. In the form security agreement covering the first loan, that of July 28, 1976, the Grays granted Thorp a security interest in:

"All of the household goods, boats and recreational vehicles now located in or about the Debtor's premises * * *, all unearned credit insurance premiums and the following specific items of personal property (if any):
1 - Zenith Color TV set
* * *
including all increases thereof, all improvements thereon and all equipment and accessories belonging thereto, and all substitutions and replacements and proceeds thereof, * * *. Debtor further grants to Secured Party a security interest in all goods, personal property and chattels of the same or similar type or kind to that described above now owned or hereafter acquired, excepting only after acquired consumer goods acquired more than 10 days after the date hereof."

The disclosure statement with respect to loan 1, however, described the property covered by the security agreement as "wage assignment, and 1 - Zenith Color TV set." It further disclosed that "the Security

Agreement will secure future and other indebtedness (except consumer credit sales) and will cover after-acquired property as described therein, excepting only consumer goods acquired more than 10 days after the date hereof." It is clear from an examination of the documents that the disclosure statement failed to disclose to the consumers that they had given Thorp a security interest in household goods, boats and recreational vehicles. A similar discrepancy between loan 2's security agreement and its disclosure statement also existed. A security interest in boats and recreational vehicles given in the security agreement was not disclosed in the statement. Consumers argued, and the trial court found, that the discrepancies between the security agreements and the disclosure statements violated section 16(k) of the CILA. Section 16(k) (Ill. Rev. Stat. 1977, ch. 74, par. 66(k)) states:

"In any loan transaction under this Act, the licensee must disclose the following items to the obligor of the loan before the transaction is consummated:

\* \* \*

(k) A description or identification of the type of any security interest held or to be retained or acquired by the licensee in connection with the loan and a clear identification of the property to which the security interest relates. If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

The trial court found that Thorp, in failing to disclose the full extent of the property subject to their security interest, had violated this section, such violations entitling consumers to an award on each loan, in the amount of twice the finance charge. (Ill. Rev. Stat. 1977, ch. 74, par. 70(b).) Summary judgment was entered on this basis, as well as on several other alleged violations of disclosure requirements under the CILA. Since we find grounds for affirmance on the stated basis above, being the discrepancies and nondisclosure, we do not reach the other issues raised concerning alternative grounds for the judgment.

Thorp's sole argument to this court, concerning the lack of disclosure of the security interest in boats and recreational vehicles is that disclosure was not required, under the CILA, because those interests were merely "incidental interests," under a recent United States Supreme Court decision (*Anderson Brothers Ford v. Valencia* (1981), ___ U.S. ___, 68 L. Ed. 2d 783, 101 S. Ct. 2266) arising under the TILA. We have previously held that due to the essential identity between provisions of the Federal TILA and the Illinois CILA, cases decided under the TILA are highly

persuasive authority for similar questions arising under the CILA. (*Kraft v. No. 2 Galesburg Crown Finance Corp.* (1981), 95 Ill. App. 3d 1044, 1046, 420 N.E.2d 865.) In *Valencia* the court held that a security interest given in unearned insurance premiums, as arising under an insurance policy on the secured automobile, was merely an "incidental interest" that need not be disclosed on a disclosure statement required under the TILA and Regulation Z. (*Anderson Brothers Ford v. Valencia* (1981), ___ U.S. ___, ___, 68 L. Ed. 2d 783, 796, 101 S. Ct. 2266, 2275-76.) In so holding, the court relied upon Federal Reserve Board interpretations of the TILA's requirements for disclosure and upon revisions of Regulation Z. The court noted with approval the board's distinction between primary security interests and incidental interests, stating:

> " '[T]here is a difference between an incidental interest and an interest that is the essence of the transaction. For example, when an automobile is financed, the insurance proceeds are incidental to the primary security interest, the automobile. The creditor's interest in such insurance would not be a security interest under the regulation. On the other hand, when the credit transaction is the financing of an insurance policy, the creditor's interest in that policy would be disclosed as a security interest.' " *Anderson Brothers Ford v. Valencia* (1981), ___ U.S. ___, ___, 68 L. Ed. 2d 783, 791-92, 101 S. Ct. 2266, 2271-72.

The distinction made in *Valencia* is between property which forms the primary and essential security for a loan transaction, the interests in which must be fully disclosed, and property which by virtue of its close relationship to the primary property is considered incidental to the primary property. In the auto example, where the auto secures the loan, it must be listed and disclosed. However, related or incidental interests in the auto, such as insurance premiums unearned, accessions or accessories, need not be disclosed.

In the instant case, Thorp asserts that the primary property secured by the loans was the property listed on the disclosure statements, being the wage assignment and the color TV, as to loan 1, and the wage assignment and household goods, on loan 2. It then asserts that the security interest taken in boats and other recreational vehicles was merely an incidental interest. Thorp's argument totally misconstrues the meaning of "incidental" as used by the court in *Valencia* and as interpreted by the board in the revised regulations. To be an "incidental interest" not requiring disclosure the property must relate to the primary property put forth as security. It must be an incident of that primary property. In the instant case, Thorp would have to show that the boats and recreational vehicles covered by the security agreement had a relationship to the other "primary security." Yet, here there is no such relationship, and it appears

from the face of the document that the interest taken in them was just as primary as the other interests.

■■ The interests taken in boats and other recreational vehicles has no incidental or derivative relationship whatsoever to the wage assignment, color TV, or other items listed as security. They are not "incidental interests" arising from interests taken in that other property. That Thorp may have relied primarily on the other listed property for security does not establish that the interests taken in boats and vehicles were "incidental interests" under the CILA and *Valencia*. We find that the security interests taken in boats and recreational vehicles were primary and not incidental interests, as those terms are used in construing the TILA and the CILA. Therefore, disclosure of them was required, and the failure to fully disclose them on the disclosure statement constituted a violation of section 16(k) of the CILA.

We reject the suggestion that the discrepancies were somehow cured by the disclosure statements' references to the security agreements as to property covered. In the first place, even with such reference, the discrepancy remained misleading, in that the other property was disclosed on the disclosure form. Secondly, if such reference is arguably permissible under the CILA, a question we do not reach, it would only be permissible in a strictly limited situation where proper disclosure cannot be made on the statement due to the length of such identification. (See *Bulger v. Thorp Credit Inc. of Illinois* (7th Cir. 1979), 609 F.2d 1255, 1258-59.) The documents in the instant case did not require reference to the security agreement due to the length of the identification. It is apparent that the interests in boats and recreational vehicles could easily have been disclosed on the disclosure statements.

We would also note that our basic decision that violations occurred herein finds support in the *Bulger* case, which was relied upon by the trial court. That case involved substantially similar discrepancies on Thorp loans wherein violations were premised upon related sections of the TILA. The court therein rejected several other Thorp arguments, which have not been pursued in this appeal, and it held that violations occurred in the lack of full disclosure as to interests in boats and recreational vehicles. (609 F.2d 1255, 1257-58.) We make no determination on those arguments, Thorp having chosen not to pursue them on this appeal. However, we have already noted the persuasive nature of such authority, based as it is on related provisions of the TILA.

■■ The final issue we need to address is whether recovery on loans 1 and 2 should be barred, under the doctrine of "novation". Essentially, Thorp puts forward a merger argument, asserting that loan 1 was merged into loan 2, which was in turn merged into loan 3. Therefore, the argument goes, the loan agreements as to loans 1 and 2 were extinguished and they

may not be relied upon at this time by consumers in seeking damages. We have already decided that merger does not affect the statutory causes of action for violations of the CILA. (*Kraft v. No. 2 Galesburg Crown Finance Corp.* (1981), 95 Ill. App. 3d 1044, 1049-50, 420 N.E.2d 865.) We adhere to that position.

The judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.