COWART, Judge.
This case involves the Florida Unfair and Deceptive Trade Practices Act, §§ 501.201-213, Florida Statutes (1981), and the federal Truth in Lending Act, 15 U.S.C.A. §§ 1601-1665 (1982).
Appellants purchased a truck from appel-lees and then sued appellees in a three count complaint. Count I was for rescission of the sale, Count II was for actual consequential damages and attorney’s fees for an alleged “unfair and deceptive trade practice” based on the Florida Unfair and Deceptive Trade Practices Act, sections 501.-201-213 and 501.2105(1), Florida Statutes (1981), and Count III was for a $1,000 civil penalty for a failure to make disclosures in a consumer credit sale based on the federal Truth in Lending Act.
As a sanction for failure to make discovery, appellees’ pleadings were stricken and a default was entered against them. The trial court assessed damages against appellees for $3,071.65 on the Count II violation of the Unfair and Deceptive Trade Practices Act, but declined to enter judgment for the civil penalty for the federal Truth in Lending violation alleged in Count III.
If the remedies are not duplicitous, Ninth Liberty Loan Corp. v. Hardy, 53 Ill.App.3d 601, 11 Ill.Dec. 363, 367, 368 N.E.2d 971, 975 (1977), a plaintiff may recover under both a count alleging a violation of the Unfair and Deceptive Trade Practices Act and a count alleging a violation of the federal Truth in Lending Act. 15 U.S.C.A. § 1610(a); Dryden v. Lou Budke’s Arrow Finance Co., 630 F.2d 641 (8th Cir. 1980); Ballew v. Associates Financial Services Co. of Nebraska, Inc., 450 F.Supp. 253, 272 (D.Neb.1976); Public Finance Corp. v. Riddle, 83 Ill.App.3d 417, 38 Ill.Dec. 712, 716, 403 N.E.2d 1316, 1320 (1980).
If appellants had sought actual damages in both Count II (based on chapter 501, Florida Statutes) and Count III (based on the federal Truth in Lending Act), those counts would have been duplicitous and actual damages could only have been awarded under one count, even on a default. However, here, in Count III, appellants did not seek actual damages, costs or attorney’s fees, but only the $1,000 civil penalty. Therefore, on default the trial court should have entered judgment on both counts. Accordingly, that portion of the amended final judgment denying appellant’s claim for civil penalties under the federal Truth in Lending Act is reversed and the cause is remanded for entry of judgment for appellants on that count for $1,000. See Blair v. Royal AMC Jeep, Inc., 397 So.2d 744 (Fla. 5th DCA 1981).
*132 Appellants, although entitled to claim their attorney’s fees incurred in prosecuting Count III as an element of damages under Count III, 15 U.S.C.A. § 1640(a)(3), did not pray for a fee award in Count III of the complaint. However, by motion filed with this court, they seek recovery for attorney’s fees incurred in the prosecution of this appeal.[1] Since this opinion conclusively adjudicates that appellants’ “action to enforce the ... [statutory] liability” is to be “successful,”[2] appellants’ motion for attorney’s fees is granted and the trial judge shall, upon remand, assess a reasonable fee against appellees for the services of appellants’ counsel rendered in prosecuting this appeal.
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.

. Even though both the right to attorney’s fees incurred in trial and an appeal are based on the same statutory authority, the waiver of fees incurred during trial by failure to request them in the complaint does not affect entitlement to fees on appeal. Section 59.46(2), Florida Statutes (1981), directs that claims for attorneys’ fees on appeal are to be raised by motion filed in the appellate court.

. 15 U.S.C.A. § 1640(a)(3) (“In the case of any successful action to enforce the foregoing liability ... a reasonable attorney’s fee as determined by the court” is to be assessed against the defendant as damages). Compare Williams v. United Credit Plan of Chalmette, Inc., 526 F.2d 713 (5th Cir. 1976) (appellant not entitled to fees incurred on appeal from order dismissing his complaint alleging Truth in Lending Act violations, because his action was not yet “successful”) with Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740 (5th Cir. 1973) (plaintiff-appellee entitled to fees for successfully defending appeal from Truth in Lending award to him).