HOUSEHOLD FINANCE CORPORATION, Plaintiff-Appellee, *v.* RAYMOND L. BUCK *et al.*, Defendants-Appellants.

Second District   No. 81-717

Opinion filed June 23, 1982.

David F. Black, Robert W. Esler, and Donald F. Dace, all of UAW Legal Services, of Belvidere, for appellants.

Paul S. Godlewski, of Canfield Law Offices, of Rockford, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendants Raymond and Mary Buck obtained a consumer installment loan from plaintiff Household Finance Corporation (HFC). Subsequently HFC brought an action in small claims court to recover money due them under the loan agreement and the Bucks filed a counterclaim alleging violations of both the Truth in Lending Act (TILA) (15 U.S.C. sec. 1601 *et seq.* (1976) (prior to 1980 amendment)); Federal Reserve Board Regulation Z (12 C.F.R. sec. 226.1 *et seq.*); and the Illinois Consumer Installment Loan Act (CILA) (Ill. Rev. Stat. 1977, ch. 74, pars. 66(i), (k) and 70(b)). The parties have agreed that $682.71 is the balance due on the loan. The Bucks appeal from the denial of their counterclaim.

The Bucks' counterclaim contended that the HFC contract failed to make adequate disclosures under TILA, Regulation Z and CILA. Thus, they sought statutory damages.

■■ The Bucks' first contention is that the lack of adequate security disclosure results in TILA and Regulation Z violations. TILA was enacted by Congress for the purpose of assuring "a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit * * *." (15 U.S.C. sec. 1601(a) (1976).) The implementation of this is carried out by Regulation Z, which was promulgated by the Board of Governors of the Federal Reserve Board (Board). (15 U.S.C. sec. 1602(b) (1976); 12 C.F.R. sec. 226.8.) It is clear that State courts have jurisdiction to enforce TILA. (15 U.S.C. sec. 1640(e) (1976); *Associates Finance, Inc. v. Cedillo* (1980), 89 Ill. App. 3d 179, 411 N.E.2d 1194.) It is also clear that HFC is a creditor under TILA (15 U.S.C. secs. 1602(f) and 1640 (1976)).

The form used by HFC in this case contains three boxes that relate to security for the loan. These boxes are headed respectively "Chattel Mortgage," "Wage Assignment," and "Real Estate Mortgage." To determine the meaning of these boxes, the debtor must refer to the section labeled "SECURITY," found several inches below the boxes. This section provides:

> "Unless 'No' appears under 'Wage Assignment' above, there is an assignment of your salary and wages. Unless 'No' appears under 'Chattel Mortgage' above, there is a Chattel Mortgage Security Agreement on all household and consumer goods belonging to borrowers and located at their address stated above and any property listed below. If 'Yes' appears under 'Real Estate Mortgage' above, there is a mortgage on the real estate belonging to borrowers which is located at their address stated above, unless a different address is stated below. Any real property which secured this loan may secure future or other indebtedness."

■■ This provision, when read in conjunction with the three boxes fails to disclose HFC's security interest clearly or in meaningful sequence as required by Regulation Z (12 C.F.R. sec. 226.6(a).) The blanks in the boxes do not have a consistent meaning, and result in a confusing disclosure as well as a clouded identification of the security interest. Because a stringent view is taken of unclear check-off devices (*Associates Finance, Inc. v. Cedillo* (1980), 89 Ill. App. 3d 179, 183, 411 N.E.2d 1194), the use of the boxes in this fashion constitutes a violation of TILA and Regulation Z.

■■■ In a consumer installment loan, such as the Bucks obtained from HFC, various credit terms must be disclosed. (15 U.S.C. sec. 1639 (1976); 12 C.F.R. sec. 226.8.) Due to TILA's remedial nature, creditors must meet a standard of strict compliance with these technical disclosure requirements. (*Kraft v. No. 2 Galesburg Crown Finance Corp.* (1981), 95 Ill. App. 3d 1044, 420 N.E.2d 865; *Associates Finance, Inc. v. Cedillo* (1980), 89 Ill. App. 3d 179, 411 N.E.2d 1194.) An objective standard is used in determining TILA violations; the consumer need not have been deceived in fact for the statute to have been violated. *Smith v. Chapman* (5th Cir. 1980), 614 F.2d 968.

A creditor must describe any security interest obtained as a result of the loan and clearly identify the property to which the security interest relates. (15 U.S.C. sec. 1639 (1976); 12 C.F.R. sec. 226.8; *Associates Finance, Inc. v. Cedillo* (1980), 89 Ill. App. 3d 179, 411 N.E.2d 1194.) The disclosure of the security interest, as all other disclosures, must be made clearly, conspicuously, and in meaningful sequence. (12 C.F.R. sec. 226.6(a).) Similar requirements exist under TILA and Regulation Z as

amended. Pub. Law 96-221, sec. 614(a); 12 C.F.R. secs. 226.17(a)(1), 226.18 (1980) (as amended).

"Clear identification" means that the creditor must provide enough information to preclude any reasonable question concerning the goods to which the security interest attached. *Associates Finance, Inc. v. Cedillo* (1980), 89 Ill. App. 3d 179, 183, 411 N.E.2d 1194.

The fact that the description of the boxes' meaning is separated from the boxes themselves obfuscates the disclosures. Disclosures of related terms must follow a logical order and should not be scattered throughout the agreement. *Basham v. Finance America Corp.* (7th Cir. 1978), 583 F.2d 918, 926, *cert. denied sub nom. DeJaynes v. General Finance Corp.* (1979), 439 U.S. 1128, 59 L. Ed. 2d 89, 99 S. Ct. 1046.

None of the cases cited by HFC deal with inconsistent use of terms in boxes, and therefore are distinguishable on their facts. Further, this court cannot consider the contracts HFC encloses in its brief, as they are outside the record. *Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.

■■ TILA and Regulation Z were amended recently. However, the amendments to TILA do not become effective until October 1, 1982. (Pub. Law 96-221 (1980).) Revised Regulation Z became effective April 1, 1981, but compliance is optional until October 1, 1982. (12 C.F.R. sec. 226.) As the loan agreement here was executed in 1977, HFC cannot argue that it is exercising the option to comply with the revised Regulation Z. Because a court is to apply the law in effect at the time it renders its decision (*Bradley v. School Board of Richmond* (1974), 416 U.S. 696, 40 L. Ed. 2d 476, 94 S. Ct. 2006), the amendments to TILA and Regulation Z do not control this case, but may be persuasive where similar to the old law.

In *Allen v. Beneficial Finance Co.* (7th Cir. 1976), 531 F.2d 797, *cert. denied* (1976), 429 U.S. 885, 50 L. Ed. 2d 166, 97 S. Ct. 237, the issue of meaningful disclosure was discussed. According to *Allen*, "meaningful sequence" requires that disclosure statements basically follow two criteria. The first criteria requires groupings of logically related terms, and the second requires that the terms in these groupings be arranged in a logically sequential order, emphasizing the most important terms. (531 F.2d 797, 801.) The *Allen* court found a failure to provide a disclosure in meaningful sequence where some figures were listed horizontally and others were listed vertically. The disclosure attempt also contained random groupings and columns of numbers that appeared to add up when in reality they did not. The same "meaningful sequence" analysis was applied in *Basham*, where the forms were deemed sufficient.

In the case before us the HFC form makes an inconsistent use of check-off devices. Hence, we believe the document makes an unclear

disclosure of information as to what security interests attach. Therefore both TILA (15 U.S.C. sec. 1639 (1976)), as well as CILA (Ill. Rev. Stat. 1977, ch. 74, par. 66(k)), were violated.

■■ The Bucks' next contention is a challenge to the validity of the contract's confession of judgment clause. They urge that HFC did not adequately describe the security interest created by that clause. While confession of judgment clauses are not permitted today (Ill. Rev. Stat. 1979, ch. 110, par. 50(3)), they were allowed at the time this contract was executed. (Ill. Rev. Stat. 1977, ch. 110, par. 50.) A confession of judgment clause which enables the creditor to obtain a judgment against the debtor without prior opportunity for the debtor to defend is a security interest, and must be disclosed as such. 12 C.F.R. sec. 226.202.

The confession of judgment clause authorizes any attorney, after a default on the contract, to appear in court for the debtors and confess a judgment without process. Under the clause, debtors consent to immediate execution upon such judgment, which execution is stated to reach all nonexempt personal property of the borrowers owned at the time of execution. Additionally, next to the lines where borrowers signed the contract there was a notice in boldface type which stated:

> "*NOTICE OF WAIVER OF RIGHTS:* THIS JUDGMENT NOTE PERMITS A JUDGMENT TO BE ENTERED AGAINST YOU *WITHOUT NOTICE OR A HEARING* IF YOU SHOULD DEFAULT IN THE PAYMENT OF ANY INSTALLMENT."

The Bucks assert that this description misstates the law due to its failure to indicate that a lien on all the debtors' tangible personal property is created by placing a writ of exeuction with the sheriff (see Ill. Rev. Stat. 1979, ch. 77, par. 9), and its failure to indicate that HFC's right of execution of the confessed judgment is limited in that it cannot execute, without further proceedings, against a debtor's wages or intangible personal property. See Ill. Rev. Stat. 1979, ch. 62, par. 82; *City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 388 N.E.2d 980.

On the other hand, this statement does alert the debtor to the fact that judgment may be entered and executed upon without notice or hearing, and adequately describes the consequences of confessed judgment. In *Garza v. Chicago Health Clubs, Inc.* (N.D. Ill. 1972), 347 F. Supp. 955, an allegation virtually the same to that raised here was discussed. The court noted that although the clause would result in levy and execution, and was phrased in a legalistic manner, it was not so confusing that it would be misunderstood by the debtor. Therefore, the security interest was deemed adequately described. We believe that the requirements of TILA and CILA were met in this regard, and see no violation. While it is clear that a creditor taking security in a debtor's property must make a meaningful disclosure of credit terms, the term security interest must be interpreted

so as to strike a balance between "meaningful disclosure" and "informational overload." (*Anderson Brothers Ford v. Valencia* (1981), 452 U.S. 205, 223, 68 L. Ed. 2d 783, 797, 101 S. Ct. 2266, 2276.) The details of executing a default judgment, once the debtor is aware of the confession of judgment provision, would be of little or no meaningful guidance to consumers in shopping for credit. Accordingly, we believe the disclosure of the confession of judgment provisions was adequate under TILA and CILA.

The last contention raised by the Bucks is that the delinquency charges section of the contract is so complex that they would need access to a high speed computer in order to figure it out. The section provides:

> "The delinquency charge is 1.5476% per month. Such monthly rate of charge may be collected on the unpaid amount of any delinquent installment that is outstanding after the due date originally scheduled. If 2 (two) or more installments are delinquent on any installment due date and the contract balance is reduced by the rebate which would be required for prepayment in full on such installment date, such monthly rate of charge may be collected on actual unpaid balances of the contract (as reduced by the rebate and accrued delinquency charges) for the time such balances are actually outstanding until the contract is fully paid. The rate of charge for each day in a fraction of a month is 1/30th of the monthly rate."

■■ The rate of charge for delinquent payments is stated in language similar to that of the statute authorizing such charges. (Ill. Rev. Stat. 1979, ch. 74, par. 65.) The disclosure must be presented in a way that the borrower can comprehend easily and must be intelligible to the average consumer. *Allen v. Beneficial Finance Co.* (7th Cir. 1976), 531 F.2d 797, *cert. denied* (1976), 429 U.S. 885, 50 L. Ed. 2d 166, 97 S. Ct. 237.

■■■ While disclosure of the method of computing delinquency charges may be sufficient if the statutory language is used (*Scott v. Liberty Finance Co.* (D. Neb. 1974), 380 F. Supp. 475), TILA and Regulation Z are violated if the statutory terms are unclear and meaningless to the consumer. (*Smith v. Chapman* (5th Cir. 1980), 614 F.2d 968.) TILA is intended to provide the consumer with an easy reference so that credit terms can be compared. (614 F.2d 968, 971.) This purpose is defeated where the consumer is unable to compute what the rate of charge for late payments would be, and TILA is violated in such a situation. (614 F.2d 968, 975.) Both TILA (15 U.S.C. sec. 1639 (1976)) and CILA (Ill. Rev. Stat. 1977, ch. 74, par. 66(i) are violated by the overly complicated delinquency charge provision used by HFC.

The penalty for violation of TILA and Regulation Z is that the creditor is liable for twice the finance charges up to $1,000, but not less than $100, costs and attorney fees. (15 U.S.C. sec. 1640(a) (1976); *Public*

*Finance Corp. v. Riddle* (1980), 83 Ill. App. 3d 417, 403 N.E.2d 1316.) However, the debtor is entitled to only one recovery for federal violations, even though there are multiple violations.

As indicated previously in this opinion, we are of the opinion that both TILA and CILA were violated by HFC. The remedies provided by the Illinois and Federal Acts are not duplicative but cumulative. *(Public Finance Corp. v. Riddle* (1980), 83 Ill. App. 3d 417, 422, 403 N.E.2d 1316; *Gray v. ITT Thorp Corp.* (1981), 101 Ill. App. 3d 167, 427 N.E.2d 1284; contra, *Ninth Liberty Loan Corp. v. Hardy* (1977), 53 Ill. App. 3d 601, 368 N.E.2d 971.) On the other hand, Raymond and Mary Buck are not each entitled to recover. There should only be recovery for the Bucks as a unit, although their recovery can be under both TILA and CILA. 15 U.S.C. sec. 1640(d) (1976).

For these reasons, the judgment of the circuit court of Winnebago County is reversed and remanded for a determination of the amounts to be recovered under TILA (15 U.S.C. sec. 1640(a) (1976)) and CILA (Ill. Rev. Stat. 1977, ch. 74, par. 70).

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.