Richard M. BULGER and Nancy L. Bulger, Plaintiffs-Appellees,

v.

THORP CREDIT INC. OF ILLINOIS, Defendant-Appellant.

John BAUGHMAN and Cathy Baughman, Plaintiffs-Appellees,

v.

ITT THORP CORPORATION, Defendant-Appellant.

Nos. 78–2023, 78–2024.

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1979.

Decided Dec. 3, 1979.

Barry M. Barash, Galesburg, Ill., for plaintiffs-appellees.

Aaron Kramer, William T. Kirby, Chicago, Ill., Barney Olson, II, Galesburg, Ill., William V. Altenberger, Peoria, Ill., for defendant-appellant.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

Thorp Credit Inc. of Illinois appeals from two lower court judgments imposing liability for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. The questions presented in both appeals are identical: was the district court correct in concluding that Thorp violated the Act by failing to reveal on its disclosure statement a claimed security interest in boats and recreational vehicles even though the debtors had no interest in any such property at the time the transaction occurred? Alternatively, if such an interest did have to be disclosed, was that disclosure accomplished by language in the disclosure statement referring the reader to the terms of the security agreement? We conclude that such a disclosure must have been made, that the general referential language was not a sufficient disclosure, and that therefore the judgment of the district court must be affirmed.

I

On December 2, 1976, Richard and Nancy Bulger borrowed $3112.87 from Thorp Credit Inc. of Illinois. John and Cathy Baughman borrowed $1297.35 from Thorp on December 8, 1977, and $1495.15 on May 3, 1978. These three transactions were identical in all respects material to this appeal.

The loans were all documented by a security agreement and a disclosure statement. The security agreement used in each of the transactions granted a security interest in "[a]ll of the household goods, *boats and recreational vehicles* now located in or about the Debtors premises . . . , all unearned credit insurance premiums and the following additional specific items of personal property. . . ." (Emphasis added). The agreements thereafter itemized a list of specific household goods sub-

ject to the security interest. The agreement also includes as security all "goods, personal property and chattels of the same or similar type or kind to that described above now owned or hereafter acquired, excepting only after-acquired consumer goods acquired more than 10 days after the date hereof."

In contrast to the security agreement, the disclosure statement reveals a security interest in "[H]ousehold Goods, Appliances, Furniture and all unearned credit insurance premiums" including after-acquired property and "excepting only consumer goods acquired more than 10 days after the date hereof." The disclosure statement does not reveal any security interest in "boats and recreational vehicles." It does, however, notify the reader to "[s]ee Security Agreement(s) for itemized list of property covered and the extent of the security interest granted to lender."

The district court granted summary judgment in favor of the debtor in each transaction reasoning that the failure to disclose an interest in boats and recreational vehicles on the disclosure statement violated 15 U.S.C. § 1639(a)(8) and the corresponding section of Regulation Z, 12 C.F.R. § 226.-8(b)(5). We affirm.

## II

Section 1639(a)(8) of the act requires in a consumer loan not under an open-end credit plan that the creditor disclose:

> (8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.

15 U.S.C. 1639(a)(8).

■ Thorp argues that it did not violate the Act because it never "held" any security

interest in boats or recreational vehicles and thus was not obligated to disclose that term of the agreement. The parties apparently concede that neither of the debtors owned any boats or recreational vehicles. Under Illinois law, an enforceable security interest is created only after the debtor has acquired some ownership interest, or "rights," in the named collateral.[1] Ill.Rev. Stat., ch. 26, § 9–203(1). Since the debtors did not have any "rights" in a boat or recreational vehicle, no security interest enforceable under Illinois law was ever created by the security agreement. Thorp therefore concludes that it never "held" any security interest subject to disclosure under section 1639(a)(8). In fact, Thorp argues that disclosure of a security interest in boats and recreational vehicles would have violated the Act by disclosing an unenforceable interest—a result Thorp argues to be prohibited by our decision in *Tinsman v. Moline Beneficial Finance Co.*, 531 F.2d 815 (7th Cir. 1976) (disclosure of an interest in an after-acquired consumer good, prohibited by state law, violates Truth in Lending Act).

■ Thorp construes section 1639(a)(8) far too narrowly. The Act does not require disclosure of only those security interests created and enforceable under state law as of the date of the disclosure statement. The language of the Act itself belies this result by requiring a creditor to disclose any "security interest held or to be retained or acquired." Requiring the disclosure of interests "to be retained or acquired" obviously contemplates the disclosure of interests that are not in existence on the date of the disclosure statement.[2]

■ On the date the disclosure statements were issued, Thorp did not hold an enforceable security interest in any boats or

---

1. Under Illinois law, which adopts the Uniform Commercial Code, a security interest is not created until three events have occurred. The parties must enter into an agreement, value must have been given, and the debtor must have rights in the collateral.

2. Thorp's reasoning leads to the conclusion that a security agreement covering after-ac-

quired property would not have to be disclosed since the debtor has no "rights" in such property on the date of the security agreement and may not acquire any new rights in such property within ten days thereafter. Regulation Z, however, specifically requires disclosure of a claimed security interest in after-acquired property.

recreational vehicles. Nonetheless, if the debtors had acquired an interest in a boat or recreational vehicle within ten days after the date of agreement, that interest would have been subject to a security interest in favor of Thorp.[3] Thus, by its terms, Thorp had an agreement which created a security interest upon the occurrence of this contingency. This potential interest in collateral is a security interest "to be retained or acquired" within the meaning of the act and therefore had to be disclosed.

This application of the Act is consistent with precedents in other circuits. In *Ives v. W. T. Grant Corp.*, 522 F.2d 749 (2d Cir. 1975), Grant defended its failure to disclose a security interest claimed in a consumer credit agreement as unnecessary since no security interest was in fact retained. The court rejected the defense, stating:

> Whether Grants actually retains a security interest is irrelevant. On its face, the contract provides for a security interest and for Grants to reveal later that there is none is hardly the type of disclosure Congress thought would "permit consumers to compare the cost of credit among different creditors and to shop effectively for the best credit buy."

*Id.* at 761. See also *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437 (3d Cir. 1977).

A recent Fifth Circuit case also illustrates the application of the disclosure requirements to an unmatured interest in rights of the debtor. In *Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir. 1978), the court concluded that the debtor's assignment of her Georgia homestead exemption to a creditor was a security interest which had to be disclosed under the Act. The effect of the assignment was to permit the creditor to satisfy the debt from the assets of the debtor's home in the event she should go into bankruptcy and waive her right to the homestead exemption. The court eschewed reliance on any state law characterizations of this interest, concluding that disclosure should be governed by the nature of

the rights conferred on the creditor. In analyzing these rights the court stated:

> These rights are contingent on, first, the debtor's bankruptcy with the obligation outstanding and, second, the debtor's asking that the property be set aside; but they constitute an interest in property all the same. It does not matter that the property cannot presently be identified and may not yet exist. Regulation Z specifically recognizes the possibility that property may not be identifiable.

570 F.2d at 1250. As in *Elzea*, Thorp acquired only a contingent interest of limited duration, but it acquired a security interest nonetheless.

Section 1639(a)(8) was designed to require a creditor to clearly disclose the full extent of the security interest retained. Thorp did reserve a security interest in any boats or recreational vehicles acquired by the debtor within ten days after the agreement. As insubstantial as this interest may seem, the debtor was entitled to be apprised of it. Failure to do so was a violation of the Act.

### III

Thorp maintains that its disclosure obligations were satisfied by operation of the sentence on the disclosure statement referring the debtor to the terms of the security agreement for a complete description of the interest retained.

■■■ Disclosure by incorporating references is permitted only under limited circumstances. Regulation Z requires that complete disclosure be accomplished on one side of one document without use of references to separate documents unless a full identification of the property "cannot properly be made on the disclosure statement due to the length of such identification." 12 C.F.R. § 226.8(b)(5). The courts have strictly adhered to the limited nature of this exception. *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437, 441–42 (3d Cir. 1977); *Ljepava v. M.L.S.C. Properties, Inc.*, 511 F.2d 935 (9th Cir. 1975). The district

---

3. The agreement included after-acquired property. Thus a security interest could be created even though the debtor did not acquire rights in the collateral until after the date of agreement.

In accordance with Illinois law, however, only property acquired within ten days after the date of agreement was subject to a security interest.

court did not make any factual finding on the availability of this defense. Nonetheless, it is obvious from an examination of the disclosure statement that ample blank space existed for the inclusion of the phrase "boats and recreational vehicles" within the listing of property subject to the security interest.

Thorp failed to effectively disclose the full extent of the security interest retained as required by the Truth in Lending Act.

In the *Bulger* case, the debtors filed a cross-appeal in regard to the district court's refusal to exercise pendent jurisdiction over claims arising under state law. It was within the jurisdiction, in the sense of judicial power, of the court to consider the state claims. However, the actual exercise of pendent jurisdiction is discretionary with the trial court. *United Mines Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In this case it was entirely within the discretion of the district court to decline to exercise pendent jurisdiction over the state claims inasmuch as the federal claims were disposed of without a full trial.

We therefore affirm the judgments of the district court.