Steven R. **TEEL**, Plaintiff-Appellee,

v.

**THORP CREDIT INC. OF ILLINOIS,**
Defendant-Appellant.

No. 78–2065.

United States Court of Appeals,
Seventh Circuit.

Argued April 16, 1979.

Decided Dec. 3, 1979.

Barry M. Barash, Galesburg, Ill., for plaintiff-appellee.

Aaron Kramer, William T. Kirby, Chicago, Ill., Barney Olson, II, Galesburg, Ill., William V. Altenberger, Peoria, Ill., for defendant-appellant.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

The defendant, Thorp Credit Inc. of Illinois, appeals from a lower court judgment finding Thorp in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. The issue presented by this appeal is whether the lower court was correct in concluding that Thorp did not maintain loan procedures adequate to satisfy the bona fide error defense provided in section 1640(c) of the Act.

I

Steven Teel borrowed $936 from Thorp, through its Galesburg office, on December 14, 1976. Teel signed a security agreement and was given a separate disclosure statement on that date. The security agreement included preprinted form language granting Thorp a security interest in all household goods, boats and recreational vehicles located at the debtor's premises and in all unearned credit insurance premiums. The only property specifically listed as subject to the security interest was an Admiral Air Conditioner. The disclosure statement revealed only an interest in the air conditioner and a wage assignment but did not reveal an interest in other household goods, unearned credit insurance premiums or boats and recreational vehicles.

Thorp maintains that only a security interest in the air conditioner (and presumably the wage assignment) was intended. Thorp contends that the disclosure statement is an accurate reflection of the interest retained and that the inaccuracies in the security agreement resulted from the office employees' failure to properly "x-out" the inapplicable language (i. e., the language retaining a broad interest in household goods, etc.). Thorp did not dispute that this discrepancy was prohibited by the Act, but sought to defend against liability by reliance on the bona fide error defense. The district court conducted a bench trial and concluded that, although Thorp's error was clerical and unintentional, the violation of the Act was not excused. We affirm.

II

Under section 1640(c) of the Act, a creditor shall not be subjected to liability upon proof that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

error." The district court found that Thorp's violation in the case was the product of an unintentional, bona fide error. The trial judge was not convinced, however, that Thorp had maintained procedures reasonably adapted to avoid these errors.

Thorp maintains that the trial court erred as a matter of law by misapplying this circuit's decision in *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871 (7th Cir. 1976). In *Mirabal*, the court interpreted section 1640(c) to require the creditor to prove both that it had established procedures with error-preventing features and that these procedures were consistently followed. The exact nature of the required preventive procedures was not determined, but the court stated:

> It is clear . . . that Congress required more than just a showing that a well-trained and careful clerk made a mistake. On the other hand, a showing that the first well-trained clerk's figuring was checked by a second well-trained clerk or that one clerk made the calculations on an adding machine and then checked this by looking up the figures on a table would satisfy Congress' requirements. We save for future determination what procedures, other than rechecking, might also satisfy this requirement.

*Id.* at 878–79.

The trial judge stated in his written conclusions of fact that Thorp failed to establish procedures reasonably adapted to avoid errors "primarily in that it did not maintain review of the work of well-trained employees by other well-trained employees," apparently in reference to the *Mirabal* conclusion. Thorp contends that it is unreasonable to require a small branch office manned only by a secretary-cashier and a manager to meet this requirement.

A careful reading of the transcript and the judge's oral findings confirms that the trial judge did not simply apply *Mirabal* in a mechanistic fashion and that his finding that Thorp did not satisfy the terms of section 1640(c) is supported by substantial evidence. The basis for the trial court's

finding is evidenced by his oral findings made at the close of Thorp's evidentiary presentation. In those findings the judge stated that the law required Thorp to prove the "maintenance of procedures reasonably adapted to avoid any such error." He determined that, "I find no such procedures clearly in effect. I don't find there was maintenance. I don't believe that there was maintenance of any such procedure."

■ This finding is adequately supported by the record. The statute clearly places the burden of proving error-preventing procedures on the creditor. Thorp did present some evidence suggesting an attempt to avoid Truth in Lending violations. The manager of the office, John Towne, testified he reviewed the loan documents twice, both before and after closing. The secretary also reviewed the documents but testified that no one had trained her in Truth in Lending matters. Evidence established that the branch was subjected to several different periodic supervisory audits which might have revealed a pattern of disclosure inconsistencies in an office. But neither the manager nor the secretary testified satisfactorily to the institution and maintenance of careful checking and rechecking of the loan documents for this specific type of error. The secretary testified that she could not recall whether she had ever typed an agreement secured by only one item of collateral where she had "x-ed out" the standard form language in the security agreement. Although the manager testified that he always reviewed the documents, he was vague in specifying the components of that review. The forms utilized by Thorp almost invited this variety of error.[1] The district court was simply not convinced that "whatever error occurred was unavoidable and that the congressional policy of requiring creditors to do everything reasonably possible to avoid disclosure errors was fulfilled." *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d at 879. Nor are we, and we therefore affirm.

---

1. The regional manager testified that these forms are no longer in use.