In November 1978 Termplan, Inc. filed a detinue action in Madison County District Court against Martha D. Fulghum for recovery of consumer goods given as security for a loan from Termplan. Fulghum filed an amended answer and counterclaim. The counterclaim, as amended, was based on an alleged violation by Termplan of the Federal Truth-in-Lending Act and Federal Reserve Regulation Z.
The district court found in favor of Termplan on its detinue claim and against Fulghum on her counterclaim.
Fulghum appealed the district court's judgment to Madison County Circuit Court. The circuit court rendered a judgment in favor of Termplan on its claim and against Fulghum on her counterclaim. Fulghum appeals from denial of the counterclaim. We reverse.
The issue presented is whether Termplan adequately complied with the disclosure requirements of the Federal Truth-in-Lending Act in connection with its transaction with Fulghum.
For purposes of the Truth-in-Lending Act this transaction was a "closed-end, non-sale credit transaction." Section 1639 of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., sets out the information a lender in such a transaction must disclose to each borrower. Section 1639 (a)(8) requires a "description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." Acting *Page 193 
pursuant to its authority under § 1604 of the Act the Federal Reserve Board has adopted regulations concerning compliance with § 1639 (a)(8). See generally, 12 C.F.R. § 226.1 et seq. (1976) ("Regulation Z").
Section 226.8 (b)(5) of Regulation Z deals with the specific requirements of § 1639 (a)(8). Under this regulation, a lender must disclose: "(1) the type of security interest held, retained, or acquired; (2) the property of the borrower which serves or will serve as the collateral; and (3) whether any future obligations which the borrower may incur to the lender will be secured by any such property." Anthony v. CommunityLoan and Investment Corporation, 559 F.2d 1363 (5th Cir. 1977).
Fulghum contends that Termplan violated § 1639 (a)(8) in that its disclosure statement fails to adequately describe the type of security interest held, retained, or acquired in connection with its extension of credit to her.
The disclosure form used by Termplan states:
 This loan is secured by a Security Agreement of even date covering: (1) the following described property, (2) the proceeds thereof, (3) all property of the same type or character in which Borrower acquires rights . . ., (4) all equipment, accessories and parts added or attached thereto, (5) all insurance proceeds from the loss or damage of the collateral, and (6) all refunds of unearned insurance premiums (R.21)
Following this statement is a list of the property covered by the security agreement. There is no additional description or identification of the security interest.
We find the reference to a "Security Agreement of even date" to be insufficient to meet the requirements of § 1639 (a)(8).
The federal courts have generally approved descriptions which simply identify the type of security interest. In Pennino v.Morris Kirschman and Co., 526 F.2d 367 (5th Cir. 1976), the court held that the description "a security interest in the merchandise purchased . . . in accordance with existing state laws" was insufficient, but suggested that identifying the security interest as a "vendor's lien" would be sufficient. InAnthony v. Community Loan and Investment Corporation,559 F.2d 1363 (5th Cir. 1977), the court held that reference to a security interest in personal property and to rights and remedies under the Uniform Commercial Code was sufficient because the reference to the U.C.C. fully defined the legal rights of the parties. In Elzea v. National Bank of Georgia,570 F.2d 1248 (5th Cir. 1978), the court approved a disclosure statement which identified the security interest as "an assignment of homestead exemption."
The disclosure statement here falls short of the descriptions approved in these and other cases. The disclosure that the loan is secured by a security agreement of even date provides no information about the type or extent of the security interest or the legal rights of the parties. While the referenced security agreement might have provided this information, a disclosure statement merely referring to another document is inadequate. Ljepava v. M.L.S.C. Properties, Inc., 511 F.2d 935
(9th Cir. 1975).
Section 1640 (a) provides that any creditor who violates the disclosure provisions of § 1639 of the Truth-in-Lending Act is liable to the borrower for twice the amount of the finance charge in connection with the transaction. Thus, Termplan is liable to Fulghum for twice the $285.58 finance charge or $571.16.
In addition, § 1640 (a) provides for the award of costs and a reasonable attorney's fee as determined by the court. The trial court on remand should award an attorney's fee based on counsel's work in the original proceeding and on appeal.Ljepava v. M.L.S.C. Properties, Inc., supra.
It is the judgment of this court that Termplan has violated the disclosure requirements of § 1639 (a)(8) of the Truth-in-Lending Act and that the trial court erred in rendering a judgment for Termplan on Fulghum's counterclaim. The judgment on her counterclaim is reversed and the trial *Page 194 
court is directed to enter judgment in favor of Martha Fulghum in the amount of $571.16, plus costs and a reasonable attorney's fee as determined by the trial court.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.