PER CURIAM.
This is a Truth-In-Lending Act case.
The plaintiff (Bank) sued the defendant (Turner) for a deficiency on a promissory note. The defendant filed a truth-in-lending counterclaim. Both parties sought a summary judgment. The trial court granted the Bank’s request for a summary judgment and Turner appeals.
Turner contends that the Bank violated the Federal Truth-In-Lending Act. and Federal Reserve Regulation Z, and therefore, the trial court erred in failing to grant Turner’s motion for summary judgment. The dispositive issue is whether the Bank failed to describe or identify the type of security interest retained by the Bank as required by the Act.
At the outset it is necessary that this court determine the appropriate Regulation Z that governs the instant lawsuit.
The promissory note that is the basis of this lawsuit was executed in August 1981. At that time there were in force two separate sets of Regulation Z. The second Regulation Z (Revised Regulation Z) accompanied the Truth-In-Lending Simplification and Reform Act, Pub.L. No. 96-221, 94 Stat. 168 (1980), which went into effect October 1, 1982. However, from April 1981 until October 1, 1982, there was a transition period.during which the creditor could use either the old regulations or the revised regulations. 46 •Fed.R'eg. 20,848 (1981). The only limitation on the use of the revised regulations during this transition period was that the creditor must comply entirely with the requirements of the revised regulations' and not “mix. and match” requirements from the then current and the revised regulations. 46 Fed.Reg. 20,849 (1981). In other words, with respect to any single transaction during the transition period, the creditor must follow completely either the revised Regulation Z or the prior regulation.
*132 In the instant case, the Bank did not fully comply with the revised Regulation Z, and therefore, the prior Regulation Z governs this case. Specifically, the revised Regulation Z requires the creditor to disclose the amount of credit, the finance charge, etc. using those terms and a brief description of each term. Revised Regulation Z, 12 C.F.R. § 226.18 (1982). In the instant case, the Bank did not provide a brief description of these terms as required.
With the above in mind, this court will attempt to deal with the dispositive issues of this case using the Regulation Z in effect in 1981 prior to the enactment of the Truth-In-Lending Simplification and Reform Act and the Revised Regulation Z.
The facts of this case are relatively uncomplicated. The Bank loaned Turner money. For purposes of the Truth-In-Lending Act the transaction was a consumer loan, a closed-end, non-sale credit transaction. Section 1639 of the Truth-In-Lending Act, 15 U.S.C. §§ 1601-1693 (1976), sets out the information a lender in such a transaction must disclose to the borrower.
“Section 1639(a)(8) requires a ‘description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.’ “Acting pursuant to its authority under § 1604 of the Act the Federal Reserve Board has adopted regulations concerning compliance with § 1639(a)(8). See generally, 12 C.F.R. §§ 226.1 et seq. (1976) (‘Regulation Z’).
“Section 226.8(b)(5) of Regulation Z deals with the specific requirements of § 1639(a)(8). Under this regulation, a lender must disclose: ‘(1) the type of security interest held, retained, or acquired; (2). the property of the borrower which serves or will serve as the collateral; and (3) whether any future obligations which the borrower may incur to the lender will be secured by any such property.’ Anthony v. Community Loan and Investment Corporation, 559 F.2d 1363 (5th Cir.1977).”
Fulghum v. Termplan, Inc., 383 So.2d 191, 192 (Ala.Civ.App.1980).
Turner first contends that the Bank failed to adequately describe in its disclosure statement the type of security interest held, retained, or acquired in connection with its extension of credit.
In its disclosure statement, the Bank states that “[a]s security for the payment of the above evidenced indebtedness, Borrower grants Bank a security interest in the following described property, together with any accessions, additions, replacements, substitutions, or proceeds thereto or thereof, all of which are hereafter sometimes referred to collectively as ‘collateral’, to wit: (1) 1979 Dodge PU D100 VIN # D14AN95202628.” On the reverse side of the disclosure statement concerning the security interest there are listed terms, covenants, and conditions. Under the item numbered “7” and titled “Heading Events of Default” is the statement that, “Upon such default, Bank may, in addition to taking all proceedings available to it in law or equity, proceed to exercise any and all rights and remedies available to secured parties under the Uniform Commercial Code of Alabama.”
Turner signed the note only on the front although there is space for the borrower’s signature on the reverse side.
This court has addressed an almost identical problem in Fulghum v. Termplan, Inc., 383 So.2d 191 (Ala.Civ.App.1980). The disclosure statement concerning the security interest used by the creditor in Fulghum stated:
“This loan is secured by a Security Agreement of even date covering: (1) the following described property, (2) the proceeds thereof, (3) all property of the same type or character in which Borrower acquires rights ..., (4) all equipment, accessories and parts added or attached thereto, (5) all insurance proceeds from the loss or damage of the collateral, and *133 (6) all refunds of unearned insurance premiums.”
Id. at 193.
We held in that instance that the disclosure was insufficient to satisfy the requirements of § 1639(a)(8). We are not able to distinguish that disclosure from the disclosure in the case at bar.
The reference to the U.C.C. on the reverse side of the note in the instant case does not provide the missing elements. Section 226.8(a) of Regulation Z requires that all disclosures required under the Regulation be made together on the same side of the page. Here, the disclosure did not meet that requirement.
To sum up, the disclosure of the security interest in the instant case did not meet the requirements of Regulation Z in that it did not adequately disclose the type of security interest on the same side of the document. Hence, this case is due to be reversed.
We note that this problem will not likely come up again. The Revised Regulation Z was designed, among other things, to eliminate just such problems.
In view of the foregoing, this case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.