EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a truth-in-lending case. The transaction was a consumer loan, a closed-end, non-sale credit matter under the versions of the federal Truth-in-Lending Act (the act) and of Regulation Z (the regulation) which were in effect on September 10, 1979.
Martha Burrell (debtor) was sued by Aet-na Finance Company (Aetna) for a balance due on a promissory note. The debtor counterclaimed for truth-in-lending violations. Aetna denied such violations. Aet-na’s claim against the debtor was discharged in bankruptcy proceedings filed by the debtor. The counterclaim was claimed as exempt property by her in the bankruptcy case. Both parties moved for a summary judgment with respect to the debtor’s counterclaim and, upon the granting of Aetna’s request for a summary judgment by the trial court, the debtor appealed.
On September 10, 1979, the debtor borrowed over $2,500 from Aetna. Among the documents executed by the parties were a security agreement, a separate disclosure statement and a promissory note.
In pertinent part, the security agreement contained the following provisions:
“KNOW ALL MEN BY THESE PRESENTS: That the Debtors signed below, for themselves and their heirs, executors, administrators and assigns, to secure the payment of the Total of Payments stated above, to the Secured Party, the payee thereof, and to further secure the payment of any further or additional advances made by said Secured Party at any time before the entire indebtedness secured hereby shall be paid in full but within 15 years from the date hereof, either as a future loan by Secured Party, a refinancing of the unpaid balance of the loan stated above or a renewal thereof or both, but not exceeding in the aggregate the principal amount of $25,000 at any one time, do bargain, sell and convey and hereby have sold and conveyed to the Secured Party, its successors and assigns, the goods and chattels hereinafter described, all of which Debtors warrant to be their exclusive unencumbered property, and in addition, all other goods, chattels, and personal property, furniture and household goods hereafter to be acquired by the Debtors or either of them and kept and used in or about their premises or commingled with or substituted for any furniture, household goods, motor vehicle, parts or accessories herein covered.

*584 “This security agreement covers the following property:
“DESCRIPTION OF PERSONAL PROPERTY:
“NONE — ALL of the household goods, furniture and personal property of every kind, nature and description now located in or about Debtors premises at their address above set forth or at the address to which said property may hereafter be removed, including but not limited to the above listing.
“Make of Auto Year Serial Number
“ Yamaha 1978 2F5-01 7705
“ Yamaha 1978 2F0-10 6556
“WITNESS the hands of debtors.”
With respect to the terms of the loan transaction, the disclosure statement reveals that the only security interest taken was as to the two motorcycles. Disclosures are indicated upon a preprinted form by the presence or absence of check marks beside the relevant statements, and appear substantially as follows:
“The loan is secured by:
“_A security Interest under the Uniform Commercial Code on all of the Household Goods belonging to the borrowers located at their address shown above. After-acquired Household Goods will be subject to the Security Agreement granted the Lender where borrowers acquire rights of ownership in such goods within 10. days after the date of this loan; and future indebtedness to the Lender will also be secured by such property. EACH SIGNER WAIVES HOMESTEAD & PERSONAL PROPERTY EXEMPTIONS.
“ X A Security Interest on the following described motor vehicle
“Make-1978 Yamaha Serial No. 2F5-017705
“Make-1978 Yamaha Serial No. 2F0-106556
“_A Security Interest under the Uniform Commercial Code in the following described items:
“_This loan is unsecured.”
The security agreement and the disclosure statement as prepared by Aetna are inconsistent. Express provisions in the security agreement afford to Aetna a security interest in after-acquired consumer goods, and a security interest in the debt- or’s property to secure other or future indebtedness while no disclosure as to either of those secured items is made in the disclosure statement.
One of the facts which must be disclosed under the act is a description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates. 15 U.S.C. § 1638(a)(10). The regulation provides in part as follows: “If after-acquired property will be subject to .the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.” 12 C.F.R. § 226.8(b)(5) 1976.
We reviewed many federal cases which construed those provisions or which have a bearing upon this matter, and we summarize some of the most applicable decisions.
It has been held that a disclosure statement which fails to make a complete disclosure concerning a security interest retained by a creditor in a borrower’s after-acquired goods did not comply with the requirements of 12 C.F.R. § 226.8(b)(5), supra. The fact that after-acquired property will be subject to the security interest must be clearly set forth in the disclosure statement in conjunction with the description or identification of the types of security interest held. Pollock v. General Finance Corporation, 535 F.2d 295 (5th Cir.1976). See also, Anthony v. Community Loan & Investment Company, 559 F.2d 1363 (5th Cir.1977).
A lender violated the act by failing to reveal on its disclosure statement a claimed security interest in boats and recreational vehicles even though the debtor had no interest in any such property at the time of the transaction. Bulger v. Thorp Credit Incorporated of Illinois, 609 F.2d 1255 *585 (7th Cir.1979). Therein it was stated that a creditor was required to clearly disclose the full extent of the security interest retained. In the security agreement, the creditor reserved a security interest in any boat or recreational vehicle acquired by the debtor within ten days after the security agreement was signed. The court held that, as insubstantial as this interest may seem, the debtor was entitled to be apprised of it in the disclosure statement and the creditor’s failure to do so was a violation of the act. For a similar conclusion, See Teel v. Thorp Credit Incorporated of Illinois, 609 F.2d 1268 (7th Cir.1979).
In Edmondson v. Allen-Russell Ford, Incorporated, 577 F.2d 291 (5th Cir.1978), it was decided that, since a proper disclosure of a security interest was not made as was required, a violation of the act and of the regulation occurred and that the lender was subject to civil liability to the debtor under 15 U.S.C. § 1640.
Here, the federal requirements were not complied with, for a security interest in after-acquired property was granted to the creditor, and future indebtedness was secured by the security agreement and the creditor failed to disclose either of those security interests in the separate disclosure statement. However, able counsel for Aetna argues that the disclosure form, the security agreement and the promissory note all constitute the transaction between the parties and should be construed together. We disagree that that joint construction rule applies to the question here involved, for all of the disclosures must be made together by a creditor on (1) either the note or other instrument evidencing the obligation on the same side of the page and above the place for the consumer’s signature or (2) on one side of a separate disclosure statement which identifies the transaction. 12 C.F.R. § 226.8(a). As Senior District Judge Lynne aptly observed, “[T]he disclosures must be sufficient in and of themselves.” Jacklitch v. Redstone Federal Credit Union, 463 F.Supp. 1134, 1138 (N.D.Ala.1979). The required disclosures may not be made on two or more documents but the disclosures must occur through one of the two methods as authorized by the regulation. Gennuso v. Commercial Bank & Trust Company, 566 F.2d 437 (3rd Cir.1977).
The learned trial court erred in granting Aetna’s motion for a summary judgment and in overruling the debtor’s summary judgment motion, since no material questions of fact are at issue as to the debtor’s counterclaim. Unauthorized conclusions in a counter-affidavit cannot be considered under Rule 56(e), A.R.Civ.P.
Thus, Aetna is civilly liable to the debtor for twice the amount of the finance charge in connection with the transaction, except that such liability may not be less than $100, nor more than $1,000. 15 U.S.C. § 1640(a)(1). Where the matter of damages is determined by that section of the act, no evidence of actual damages is required. Redhouse v. Quality Ford Sales, Incorporated, 523 F.2d 1 (10th Cir.1975). That penalty is recoverable even though the debtor suffers no actual damage and even if he is not himself deceived. Am. Jur.2d, New Topic Service, Consumer Protection, § 102 at 108 (1982).
The finance charge in this case exceeded $1,000. Therefore, Aetna is liable to the debtor in the amount of $1,000 under the statutory formula. It is also provided that any creditor who violates the disclosure provisions of the act shall be assessed the costs of the action, together with a reasonable attorney’s fee as determined by the court. 15 U.S.C. § 1640(a)(2).
The final judgment is reversed and the trial court upon remand shall set aside that judgment in this cause and shall enter a judgment overruling Aetna’s motion for a summary judgment and shall enter a summary judgment in favor of Martha Burrell and against Aetna Finance Company in the amount of $1,000, plus costs and a reasonable attorney’s fee as determined by the trial court for legal services rendered to the debtor in the district court, the circuit court and upon the present appeal. Fulghum v. Termplan, Inc., 383 So.2d 191 (Ala.Civ.App.1980).
*586 The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.