ROBERT M. PARKER, Retired Circuit Judge.
Underwood purchased certain furniture and rugs from Foote Brothers Furniture on August 20, 1982, on an installment sales contract. On August 26, 1982, Underwood purchased another rug and vinyl runner, and all purchases, with credit, were combined in a new installment sales contract with the words “add-on” written on the second contract. Each contract contained a list and description of the property purchased. The terms of the second contract called for twenty-four monthly installments of $83.61, beginning on September 15, 1982. The number of payments made is not revealed, but the last one was made on August 29, 1983. The contracts granted to the seller a security interest in the property purchased by Underwood.
Plaintiff filed suit for and was awarded a money judgment in district court which was appealed to the circuit court. After trial, the circuit court rendered a judgment in the sum of $1,643.02 in favor of the plaintiff. The counterclaim of defendant charging violation of the federal Truth-in-Lending Act and the Alabama Mini-Code, § 5-19-13, Code 1975, was denied.
The defendant, on appeal, presents two issues: first, that plaintiff violated the federal Truth-in-Lending Act and Regulation Z by failing to describe and identify in the installment sales contract the type of security interest retained by plaintiff; and second, that plaintiff charged defendant a finance charge in excess of that permitted by the Mini-Code, and that the plaintiff’s action against defendant is due to be abated and dismissed.
Section 1638 of the Truth-in-Lending Act, 15 U.S.C. §§ 1601-1646, sets out the information a creditor must disclose to each purchaser in a consumer credit sale. As to security interest, § 1638(a)(1) requires: “a description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and clear identification of the property to which the security interest relates.” At the time of this contract, either revised Regulation Z, 12 C.F.R. § 226.18 (1982), or prior Regulation Z, 12 C.F.R. § 226.8(b)(5), dealt with the requirements of § 1638(a)(10) and the creditor must comply completely with one or the other regulation to comply with the act. Turner v. Exchange Bank, 450 So.2d 131 (Ala.Civ.App.1984). Section 226.18 requires that for each transaction, the creditor shall disclose the following information as applicable: “(m) The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.” Anthony v. Community Loan and Investment Corporation, 559 F.2d 1363 (5th Cir.1977), states that under § 226.8(b)(5) a lender must disclose: “(1) *45 the type of security interest held, retained, or acquired; (2) the property of the borrower which serves or will serve as the collateral; and (3) whether any future obligation which the borrower may incur to the lender will be secured by any such property.”
The installment sales contract-security agreement states:
“The undersigned (herein called purchaser, whether one or more) purchases from above-named seller and grants to said seller a security interest in, subject to the terms and conditions hereof, the above-described property. It is agreed that title to said property remains in the seller until all indebtedness and expense of collection, if any, is fully paid in cash, and only then title passes.”
This is a clear identification of the property to which a security interest attached and the type of security interest held by the seller and meets the requirements of § 1638(a)(10) and §§ 226.8(b)(5), 226.18(m) of Regulation Z.
We do not consider this determination to be contrary to our prior holdings in Turner v. Exchange Bank, supra, nor Fulghum v. Termplan, Inc., 383 So.2d 191 (Ala.Civ.App.1980). We consider it to be in accord with the principles stated in Anthony v. Community Loan and Investment Corporation, supra, and Elzea v. National Bank of Georgia, 570 F.2d 1248 (5th Cir.1978). The transaction here is clearly indicated to be a consumer sale with title retention agreement. It is evident on the face of the security agreement that a purchase money security interest is reserved. It appears to this court that such obvious reservation is more descriptive and definitive than mere reference to a “security interest under the U.C.C.,” as approved in Anthony.
Defendant’s second contention is that plaintiff’s finance charge was in excess of that permitted by the Mini-Code, §§ 5-19-3, Code of Alabama 1975, and that the action, was due to be abated and dismissed. Defendant cites Derico v. Duncan, 410 So.2d 27 (Ala.1982), for the proposition that contracts made in violation of the requirements of the Mini-Code are null, void, and unenforceable as a matter of public policy. The Truth-in-Lending Act does not regulate the amount of finance charges. The maximum of such charges is controlled by state law; and in this case § 5-19-3, Code 1975, applies. The amount financed was $1,609.97. The maximum amount of finance charges under the Mini-Code, for twenty-four months, was $396.98. The amount charged was $396.67. The defendant contends the contract did not extend a full two years’ credit to him, as the date interest became chargeable, August 26, 1982, to date of last payment, August 15, 1984, is only one year and 354 days and that the amount charged is $5.66 excessive.
It appears to this court that defendant’s contention is contrary to § 5-19-3(b), which is as follows:
“(b) The maximum finance charge under sub-section (a) of this section shall be determined by computing the maximum rates authorized by sub-section (a) of this section on the original principal amount of the loan or original amount financed for the full term of the contract without regard to scheduled payments and the maximum finance charge so determined, or any lessor amount, may be added to the original amount financed.”
The contract clearly discloses that the term of the contract is twenty-four months, with finance charge beginning on the date of the contract. If we understand subsection (b) correctly, the finance charge in the contract was properly calculated based upon the extension of credit for two years, the scheduling of payments to accommodate the debtor notwithstanding. There is no contention that the finance charge was incorrectly calculated for a two-year term, merely that payment was completed in less time. If such was the effect, defendant, upon full payment, is entitled to a refund of interest. The contract was never paid in full and defendant does not seek a refund or a credit in this case. He seeks avoidance of the contract. We find no violation of § 5-19-19.
*46 We therefore find no error in the judgment of the trial court granting judgment to plaintiff and denying defendant relief on his counterclaim.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.