HOUSTON, Justice.
Foote Brothers Furniture Company, Inc., filed an action against Ralph Underwood in the District Court of Etowah County, seeking to collect an amount due on an installment contract that Underwood had executed in connection with the purchase of *47 certain furniture. Underwood defended on the basis that Foote Brothers had assessed a finance charge in excess of that permitted by § 5-19-3(a) and (b), Code 1975.[1] The district court entered judgment for Foote Brothers. Underwood appealed to the circuit court, where, following a de novo hearing, judgment was again entered in favor of Foote Brothers. The Court of Civil Appeals subsequently affirmed the circuit court’s judgment, 496 So.2d 43, and overruled Underwood’s application for rehearing. We granted certiorari to determine whether the Court of Civil Appeals erred in its determination that Foote Brothers did not levy an excessive finance charge.
There is no dispute that the contract at issue in this case is subject to the provisions of Alabama’s Mini-Code. The contract was executed on August 26,1982, and disclosed the amount financed to be $1,609.97. Foote Brothers assessed a finance charge in the amount of $396.67. The finance charge was applied from the date of the contract and was computed on the basis of an extension of credit for a two-year period. The contract terms specified twenty-four monthly payments, with the payments commencing on September 15, 1982, and the final payment due on August 15, 1984. The period between the execution of the contract (August 26, 1982) and the date the final payment was due is one year and 354 days. Underwood defaulted on the contract on or about September 15, 1983.
Section 5-19-3 includes the following provisions:
“(a) The maximum finance charge for any loan or forbearance and for any credit sale, except under open-end credit plans, may equal but may not exceed the total of the following:
“(1) Fifteen dollars per $100.00 per year for the first $750.00 of the original principal amount of the loan or amount financed; and
“(2) Ten dollars per $100.00 per year for that portion of the original principal amount of the loan or original amount financed exceeding $750.00 and not exceeding $2,000.00; and
“(3) Eight dollars per $100.00 per year for that portion of the original principal amount of the loan or original amount financed exceeding $2,000.00.
“(b) The maximum finance charge under subsection (a) of this section shall be determined by computing the maximum rates authorized by subsection (a) of this section on the original principal amount of the loan or original amount financed for the full term of the contract without regard to scheduled payments and the maximum finance charge so determined, or any lesser amount, may be added to the original amount financed.” (Emphasis added.)
Underwood contends that “the full term of the contract” in question is one year and 354 days as determined by measuring the period between the execution of the contract and the date the final payment was due. Therefore, he argues, a finance charge calculated based upon the extension of credit for a two-year period is excessive. We must agree.
The finance charge was applied from the execution of the contract. Underwood’s obligation to pay pursuant to the contract would have terminated upon his making the final scheduled payment. Therefore, the term of the contract must be determined by measuring the period between the execution of it and the date the final payment was due.
In its opinion, the Court of Civil Appeals addressed the issue as follows:
“The maximum of such charges is controlled by state law; and in this case § 5-19-3, Code 1975, applies. The amount financed was $1,609.97. The maximum amount of finance charges under the Mini-Code, for twenty-four *48 months, was $896.98. The amount charged was $396.67. The defendant contends the contract did not extend a full two years’ credit to him, as the date interest became chargeable, August 26, 1982, to date of last payment, August 15, 1984, is only one year and 354 days and that the amount charged is $5.66 excessive.
“It appears to this court that defendant’s contention is contrary to § 5-19-3(b), which is as follows:
“ ‘(b) The maximum finance charge under subsection (a) of this section shall be determined by computing the maximum rates authorized by subsection (a) of this section on the original principal amount of the loan or original amount financed for the full term of the contract without regard to scheduled payments and the maximum finance charge so determined, or any lesser amount, may be added to the original amount financed.’
The contract clearly discloses that the term of the contract is twenty-four months, with finance charge beginning on the date of the contract. If we understand subsection (b) correctly, the finance charge in the contract was properly calculated based upon the extension of credit for two years, the scheduling of payments to accommodate the debtor notwithstanding. There is no contention that the finance charge was incorrectly calculated for a two-year term, merely that payment was completed in less time. If such was the effect, defendant, upon full payment, is entitled to a refund of interest. The contract was never paid in full and defendant does not seek a refund or a credit in this case. He seeks avoidance of the contract. We find no violation of § 5-19-19.” (Emphasis added.)
The emphasized language in the Court of Civil Appeals’ opinion indicates that it determined the term of the contract without looking to the period for which credit was actually extended. It determined the term to be two years simply because there were twenty-four installment payments scheduled subsequent to the execution date.
Section 5-19-3(b) authorizes creditors to charge “add on” interest “by computing the maximum rate authorized ... on the original principal amount of the loan or original amount financed for the full term of the contract without regard to scheduled payments_” See Fletcher v. Tuscaloosa Federal Savings & Loan Ass’n, 294 Ala. 173, 314 So.2d 51 (1975) (Jones, J., concurring). The reference in § 5-19-3(b) to “scheduled payments” has nothing to do with the determination of the “term of the contract” and cannot be read to allow a creditor to assess a finance charge for a term in excess of the period for which credit is actually extended, even though payments may be scheduled to accommodate the debtor.
The Court of Civil Appeals also stated that if Underwood had completed payment on the contract according to its terms, he would have been entitled to a refund. However, pursuant to § 5-19-4(c), Code 1975, a debtor may prepay an installment contract without penalty, and is entitled to a refund of a portion of the finance change, whenever the debt is “paid in full before the final scheduled payment date.” Thus the Mini-Code does not contemplate a rebate when the debt is paid in full on the final scheduled payment date. This supports Underwood’s position that the term of the contract ends on the date of the last scheduled payment and that the finance charge should be calculated with reference to that date and the date the contract was executed.
Having determined that Foote Brothers did levy a finance charge in excess of that permitted by the Mini-Code, we reverse and remand.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.

. Section 5-19-3 is a part of what is commonly referred to as Alabama’s Mini-Code, codified as Title 5, Chapter 19, Code 1975.