In re Stephen H. PEACOCK and Mary C. Peacock, Debtors.

Richard E. BARBER, Trustee, Plaintiff,

v.

USA FINANCIAL SERVICES, INC., f/k/a/ Heights Finance Corporation, Defendant.

No. Misc. P–87–18.

United States District Court, C.D. Illinois.

Jan. 22, 1988.

---

Barry Barash, Galesburg, Ill., for debtors.

Kevin Schneider, Peoria, Ill., for defendant.

### ORDER

MIHM, District Judge.

On October 14, 1987, Judge William Altenberger filed with this Court Proposed Findings of Fact and Conclusions of Law concerning a non-core proceeding. Judge Altenberger's submission recommended a finding by this Court that the Defendant is in violation of the disclosure requirements of the Truth in Lending Act (hereafter T.I.L.A.) by its grant of a broader security interest in the Combined Note and Security Agreement than was disclosed in the disclosure statement.

On October 23, 1987, the Defendant filed Objections to the Proposed Findings of Fact and Conclusions of Law. Its objection is that the Bankruptcy Court should have read the Combined Note, Security Agreement and Schedule A together in construing the subject clause. The Defendant asserts that if the Court had done so, it would have to conclude that the Defendant is not in violation of T.I.L.A.

■ This Court has previously ruled on the issue raised by the Defendant in its Objection. In *Doubet v. USA Financial Services, Inc.*, 714 F.Supp. 980 (C.D. Ill.,1987) this Court held:

"If the creditor had intended to take a security interest in only those items described in the Federal Disclosure Statement, then that should have been made clear on the Note and Security Agreement.... Reading these two documents together, one must conclude the Note and Security Agreement describes a much broader security interest than that stated on the Federal Disclosure Statement, which means that the Federal Disclosure Statement does not accurately (even in a summary fashion) describe the extent of the creditor's security interest. This is a violation of the TILA, and the Plaintiffs are entitled to summary judgment on the TILA claims of Counts I and II."

■ In *Doubet* this Court also addressed the Defendant's argument that the language in the Combination Note and Security Agreement involved an after-acquired property clause which need not be disclosed under Truth-in-Lending. The Court stated:

"Comment 18(m)–4 of the official staff commentary under Regulation Z provides that an after-acquired property clause is not a security interest to be disclosed under Section 226.18(m), but this does not end the Court's analysis. The language from the Note and Security Agreement which was checked by the creditor reads: 'Consumer goods *now owned* or hereafter acquired within 10 days of the date of this loan....' (emphasis added). Giving meaning to all of the words used in that phrase, the Court finds that this language is not an after-acquired property clause; even though it does indicate that a security interest would be taken in after-acquired property, the language also makes clear that the security interest extends to consumer goods *now owned*. Only a very strained interpretation of this provision could result in the conclusion that this was nothing more than an after-acquired property clause, and the Court finds that this provision grants a security interest in the Plaintiffs' consumer goods which is much broader than that described in the Federal Disclosure Statement."

For these reasons, this Court concurs with and adopts Judge Altenberger's Proposed Findings of Fact and Conclusions of Law and finds the Defendant to be in violation of T.I.L.A. disclosure requirements.

The Court orders:

1. The Trustee's Motion to Amend the Complaint to refer to the correct section of Regulation Z is allowed.

2. The Trustee's Motion for Summary Judgment is GRANTED.

3. The Defendant's Motion for Summary Judgment is DENIED.

4. The Clerk is directed to enter judgment in favor of the trustee in the amount of $1,000.

5. The Trustee is directed to file, within 14 days, affidavits documenting the costs and fees sought, and the Defendant is allowed 14 days thereafter to respond to the trustee's statement of fees and costs.